UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM EDWARD OSMAN,**

Petitioner,

v.

Case No: 6:18-cv-561-Orl-28GJK
(6:13-cr-280-Orl-28GJK)

**UNITED STATES OF AMERICA,**

Respondent.
_____/

**ORDER**

William Edward Osman ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) pursuant to 28 U.S.C. § 2255, alleging one ground for relief, ineffective assistance of counsel. Respondent filed a Response to the Motion to Vacate (Doc. 4) in compliance with this Court's instruction. Although given the opportunity to do so (Doc. 5), Petitioner did not file a reply. For the following reasons, the Motion to Vacate will be denied.

### I. Procedural History

Petitioner was indicted for producing child pornography (Counts One through Six), distributing and receiving child pornography (Counts Seven and Eight), and possession of child pornography (Count Nine). (Criminal Case 6:13-cr-280-Orl-28GJK, Doc. 12.)[1] Pursuant to a written plea agreement, Petitioner pleaded guilty to Counts One,

---

[1] Criminal Case 6:13-cr-280-Orl-28GJK will referred be to as "Criminal Case."

Seven, and Nine. (Criminal Case, Doc. 34.) Following a sentencing hearing, the Court sentenced Petitioner to seven hundred twenty (720) months (i.e., sixty years) of imprisonment and restitution to the victim in the amount of $16,250. (Criminal Case, Docs. 58, 103.)

Petitioner appealed the restitution order, and the Eleventh Circuit affirmed it. (Criminal Case, Doc. 105, 109); *United States v. Osman*, 853 F. 3d 1184 (11th Cir. 2017).

## II. LEGAL STANDARD

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume

> effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

In this case, Petitioner claims that his trial counsel rendered constitutionally ineffective assistance of counsel by failing to challenge the validity of the indictment. (Doc. 1 at 4; Doc. 1-1 at 1.) Petitioner generally contends that the indictment "violated his Fifth Amendment rights to due process and to a Grand Jury's protections from arbitrary and oppressive government action, and from being harassed by unfounded and vexatious accusations." (Doc. 1-1 at 3.) He further claims, with regard to the Fifth Amendment, that "the indictment's vague allegations [do not] provide adequate protection for [his] grand jury and double jeopardy rights." (Doc. 1-1 at 7, 11-15, 17-18, 20.) Petitioner also claims that the indictment violated his Sixth Amendment rights because it did not adequately inform him of the nature of the accusations against him (*See e.g.*, Doc. 1-1 at 1-2, 6-7, 9-10, 20.) However, these claims do not entitle Petitioner to relief.

The Supreme Court has explained that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Generally, once a defendant has entered a guilty plea, the defendant may challenge only: (1) jurisdiction, *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); (2) the knowing and voluntary nature of his guilty plea, *Tollett*, 411 U.S. at 267; or (3) the effectiveness of the assistance provided by the defendant's attorney with regard to the defendant's decision to plead guilty, *United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir. 1986). *See e.g.*, *Caceres v. United States*, No. 13-22901-CIV, 2014 WL 5761112, at *8 (S.D. Fla. Nov. 5, 2014). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional plea' in accordance with Fed. R. Crim. P. 11(a)(2). The conditional plea must be in writing and must be consented to by the court and by the government." *U.S. v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997).

In this case, Petitioner challenges only that his counsel should have objected to the validity of the indictment. Petitioner does not challenge the knowing and voluntary nature of his guilty plea or the effectiveness of his counsel with regard to Petitioner's decision to plead guilty, and Petitioner's guilty plea was unconditional. Additionally, the alleged defects in the indictment are not jurisdictional. *See United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014) (quoting *Alikhani v. United States*, 200 F.3d 732, 734–

35 (11th Cir. 2000)) ("So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction.").

Therefore, by entering an unconditional guilty plea, Petitioner waived his ability to collaterally attack his counsel's performance with regard to the sufficiency of the indictment.[2] Thus, Petitioner's Motion must be denied.

### IV. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of Court shall enter judgment accordingly and is directed to close this case.

---

[2] The Court also notes that the written plea agreement, which Petitioner initialed on each page and signed, also affirms that Petitioner "understand[s] . . . the nature of the offense or offenses to which [he] is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel." (Doc. 34 at 16.) Further, at the change of plea hearing, Petitioner indicated he understood the charges against him, had reviewed the charges and charging document with counsel, and was satisfied with counsel's services. (Doc. 76 at 9.) "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Such representations are presumptively trustworthy and considered conclusive absent compelling evidence to the contrary. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). Petitioner has presented no such compelling evidence here.

3. The Clerk of Court is also directed to file a copy of this Order in Criminal Case No. 6:13-cr-280-28GJK and to terminate the Motion (Criminal Case, Doc. 111) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on July 9th, 2019.

/JOHN ANTOON, II
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-4 7/8

---

[3] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).